## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**HARMOND HUMPHRIES**                                                                    **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 1:23CV-23-SA-DAS**

**KILOLO KIJAKAZI, COMMISSIONER**
**OF THE SOCIAL SECURITY ADMINISTRATION**                **DEFENDANT**

### ORDER DENYING PETITION FOR ATTORNEY FEES

Before the court is the claimant's motion for payment of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. In these proceedings, the claimant sought judicial review of the final decision of the Commissioner of Social Security, denying a claim for benefits. The Commissioner moved to remand the case pursuant to sentence six of 42 U.S.S. § 405(g) because substantial portions of the hearing recording were inaudible. The plaintiff has now filed for EAJA attorney fees for 6.76 hours of work. The Commissioner opposes the motion and argues the plaintiff is not a prevailing party because the remand was under sentence six, not sentence four. *Burse v. Sullivan*, 980 F.2d 1444, 1992 WL 366501, at * 2 (5th Cir. 1992); *Schuler v. Saul*, 2021 WL 7448632, at * 3 (E..D. Tex . June 1, 2021). The sentence six remand does not affirm, modify or reverse the administrative decision or make any ruling on the correctness of the decision. *Rhoads v. Barnhart,* 418 F. Supp 2d 900, 907 (E.D. Tex 2006)

After considering the matter, because the court finds the plaintiff is not a prevailing party at this time, the motion is premature and shall be denied.

**IT IS, THEREFORE, ORDERED** that the claimant's motion for payment of attorney's fees under the EAJA is denied without prejudice as premature.

**SO ORDERED** this the 27th day of June, 2023.

                                            **/s/ David A. Sanders**
                                            **U.S. MAGISTRATE JUDGE**